

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7846 | **DATE** | 12/8/2004 |
| **CASE TITLE** | Arturo Gonzalez vs. Metaldyne | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. For the reasons hereafter explained, this Court sua sponte dismisses the Complaint and this action without prejudice (thus denying the Application and the Motion as moot). (4-1, 5-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 10 2004 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 12/9/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTURO GONZALEZ,           )
                           )
           Plaintiff,      )
                           )
     v.                    )     No.  04 C 7846
                           )
METALDYNE,                 )
                           )
           Defendant.      )

MEMORANDUM ORDER

Arturo Gonzalez ("Gonzalez") has submitted a self-prepared Complaint of Employment Discrimination[1] against his employer Metaldyne, together with his In Forma Pauperis Application and Financial Affidavit ("Application") and Motion for Appointment of Counsel ("Motion").[2] For the reason hereafter explained, this Court sua sponte dismisses the Complaint and this action <u>without</u> prejudice (thus denying both the Application and the Motion as moot).

Gonzalez' Complaint and attached exhibit show that he has filed the Charge of Discrimination required as the first step for any employment discrimination claim--but he has <u>not</u> alleged his receipt of a right-to-sue letter from EEOC, which is also a necessary precondition to his coming to this federal court for

---

[1] Gonzalez' Complaint is "self-prepared" in the sense that he has used the form provided by this District Court's Clerk's Office for use by pro se plaintiffs and has filled in all of the appropriate blanks in handwriting.

[2] Both the Application and the Motion are also on Clerk-furnished forms, again filled out in Gonzalez' handwriting.



relief. Because that jurisdictional precondition to filing suit has not been satisfied, Gonzalez cannot go forward at this time.

As stated earlier, the dismissal that must therefore be ordered here is without prejudice to Gonzalez' ability to try again after that essential EEOC precondition has been satisfied. If he were to seek to do so, however, he should be aware of some additional matters:

1. According to his Charge of Discrimination, Gonzalez sustained an on-the-job injury in August 2003. It is unclear whether that injury has given rise to a "disability" within the meaning of the Americans with Disabilities Act, and this memorandum order should not be misunderstood as expressing any view on that subject.

2. If Gonzales does try again with another lawsuit, his Application should provide some further information as to his claimed inability to pay the $150 filing fee. Even though this Court recognizes that he is seeking to support a large family out of his modest earnings, the present Application also shows his home ownership with an undisclosed equity--and this Court simply doesn't have enough information to permit it to make a final decision as to Gonzales' ability to pay the fee.

3. Even if Gonzalez' payment of the filing fee were not ultimately excused, it does seem clear that he would

qualify in financial terms for appointment of a lawyer to represent him. But the problem in that regard is that his present Motion has not been completed in its most important aspect--a filled-in response to Paragraph 2, which requires Gonzalez to identify what efforts he has made to obtain a lawyer on his own (something that this Court must consider before it can decide on his entitlement to be provided with pro bono counsel).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 8, 2004